In the Matter of the Claim of ELIZABETH McMANN, Respondent, against BROOKLYN EDISON COMPANY, INC., Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of the State Industrial Board upon a death claim. On December 12, 1933, while not engaged in his employment, the deceased slipped on some ice and fell on the street cutting and injuring the back of his head, for which he was being treated in a hospital. On December sixteenth following, the decedent reported to work about seven-thirty in the morning, and about a half hour later was relieved by his superior to go to the hospital and receive additional treatment. He returned to the plant about noon, and was changing his clothes to go to work. Being observed by his superiors, and not regarded in fit condition to work, he was told to go home, and for that purpose was assisted in dressing himself in his street clothes. A co-employee was directed to accompany him from the premises, and did so. While going down a flight of stairs, the decedent lost his balance and fell and fractured his skull. On December nineteenth he was taken to the hospital, and on the twenty-third he died as a result of the skull fracture. The award is resisted on the ground that decedent's injury came about solely by reason of intoxication. There is evidence that when the decedent returned to the plant, about noon, and was engaged in changing his clothes, the superintendent observed him, that he looked too bad to go to work, that there was an odd look in his eyes, that he stared. He could not say that the decedent was drunk. The attendants who administered first aid testified that decedent was stupefied, but they did not know why. There is also testimony to the effect that the decedent had no money and went back home after leaving the plant to get money to pay the hospital fee of fifty cents, and received sixty cents; that he was not intoxicated at that time. The employee who walked 100 feet with him to the point where decedent fell, testified that he did not observe any odor from his breath. The company's doctor testified that the appearance and action of the decedent, after the fall in the plant, could have been due to a fractured skull; and that the history of the case was that the decedent had not had anything to drink between eight-forty-five in the morning until about twelve o'clock noon. The Board made no finding of intoxication. There is evidence from which the Board could have found that the decedent was not intoxicated at the time of injury. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.